FILED
AUG 2 6 1986
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
v. : Criminal No. 85-33
Judge John G. Penn
GEORGE A. NADER :

MOTION TO RECONSIDER OR REINSTATE THE INDICTMENT

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to reconsider or reinstate the indictment in the above captioned case and, in support thereof, makes the following representations:

1. On July 30, 1986, the above-captioned case came on for trial before this Court. After several issues were raised, by the defendant, Mr. George Nader the Court heard Mr. Nader's motion to dismiss the indictment. Mr. Nader claimed that 18 U.S.C. 1461 and 1462 did not prevent him from using the mails to order and receive obscene material from the outside the United States. Mr. Nader relied upon three cases: United States v. Sidelko, 248 F. Supp. 813 (M.D.Pa. 1964), Reed Enterprises v. Corcoran, 354 F.2d 519 (D.C. Cir. 1965), and



Reed Enterprises v. Clark, 278 F. Supp. 372 (D.C. 1967). Mr. Nader argued that these cases interpret the legislative history of 1461, as amended, and that 1461 was not intended to apply to people who receive obscene materials through the mails. As to 1462, he argued that it was only triggered when a transporter used a common carrier to bring obscene material into the United States.

The Court agreed with Mr. Nader and dismissed the instant indictment reasoning that:(1) 1461 did not apply to people who received obscene material by mail, and (2) 1462 applied to transporters who use common carriers to ship obscene materials. The court also found that Mr. Nader did not violate 18 U.S.C.2 by causing the obscene material to be delivered. The Court relied upon United States v. Farrar, 281 U.S. 624 (1930) as the basis for its ruling on aiding and abetting.

2. Sidelko, supra, was factually very close to the instant case. There, the District Court read 1461 very narrowly and concluded that the legistlative intent behind 1461 did not suggest punishment of those who order, for personal use, nonmailable materials. The Sidelko Court was satisfied that

Congress intended only to prosecute transporters of pornography. This result was reached in spite of the very clear language of 1461:

> Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery or anything delcared by this section . . . to be nonmailable

This plain language is clear and unambigous. When examining a statute "one is to look first at its language. "Dickerson v. New Banner Institute, Inc. 460 U.S. 103, 110 (1983) quoting, Lewis v. United States, 445 U.S. 55, 60 (1980), United States v. Turkette, 452 U.S. 576, 580 (1981). "If the language [of the statute] is unambiguous, ordinarily it is to be regarded as consclusive unless there is a 'clearly expressed legislative intent to the contrary.''' Consumer Product Safety Commission v. GTE Sylvania Inc. 447 U.S. 102, 108 (1980).

It has long been settled that criminal statutes are to be construed strictly, United States v. Campus-Serroano, 404 U.S. 1293 297 (1971); citizens are not be punished pursuant to a statute unless the statute plainly imposes such a punishment. Id.; United States v. Hogue, 752 F.2d 1503 (9th Cir. 1985).

3. 1461 is very clear and plainly points out for any person the risk he runs by "knowlingly using the mails" to receive nonmailable material. The legislative history of 1461, as amended, in 1958, was admittedly to enlarge the venue for the prosesution of those who used the mails for the carriage or delivery of obscene nonmailable materials. It is evident from their legislative histories, as well as Reed Enterprises v. Corcoran, supra, and Reed Enterprises v. Clark, supra, that 1461 and 1462 are designed to increase prosecutive forums. The legislative history nor the cases interpreting 1461 and 1462 (excluding Sidelko supra) specifically excuse people who send for obscene material by mail. Sidelko aside, it would have been absolute child's play for Congress or the Clark and Corcoran Courts to definitively reach that point. Sidelko is the only case that stands for the proposition that 1461 does not include receivers of obscene nonmailable material and the only Court to conclude that 1461's legislative history supports that proposition. Of course, 1462 is naturally included by implication. Sidelko stood alone until July 25, 1986 when United States v. Hurt, (Slip. Op. No. 85-3058, 9th Cir. July 25, 1986), was decided. In Hurt, Sidelko, supra, was rejected and its interpretation of 1461's legislative intent was critized. Hurt mailed an order to a company in Sweden requeting obscene nonmailable material.

The material was mailed to Hurt, interdicted by the U.S. Customs Service, who later conducted a controlled delivery of the material. Once it was delivered a search warrant was obtained for Hurt's home and when it was executed the material was found and sezied. Hurt was charged with a violation 1461, and 18 U.S.C.2.

The 9th Circuit read 1461 plainly and rejected the argument that the legislative intent of 1461 is narrow and only applies to people who transport. On that score it concluded:

> The fact that Congress amended the statute to insure that the sender of obscene materials could be prosecuted in any jurisdiction where such matter is delivered, does not evidence a clear intent to exclude from prosecution persons who use the mails to order. Id. at 10. (emphasis added)

4. In its ruling, dismissing the instant indictment, this Court concluded that even if 1461 and 1462 applied to receivers Mr. Nader could not be prosecuted because he did not put the nonmailable material in the mail or bring it into the country. The Court relied on Farrar, supra, in rejecting the Government's argument that Mr. Nader aided and abetted the mailing of the obscene material and its introduction into this county. We respectfully disagree with the Court's application of Farrar.

In Farrar the defendant purchased liquor and was charged with a violation of the National Probation Act. The Supreme Court found that the statute violated applied to sellers only and affirmed a lower Court's dismissal of the indictment

against Farrar. Contrary to the arguments advanced by Mr. Nader, in Court, the Farrar Court concluded, applying a legislative history statutory approach, that Farrar as an individual could not be prosecuted for purchasing liquor for personal use. His conduct did not violate the statue. The issue of whether Farrar aided and abetted the sale of liquor by his purchase was not before the Court and was not reached in its holding or in dicta. Mr. Nader's reliance on Farrar, as a case that interprets the theory of aiding and abetting, is misplaced.

Assuming, arguendo, that the Court's interpretation of the legislative history of the 1461 and 1462 is correct--that Mr. Nader's conduct was not contemplated by these statutes--we submit Mr. Nader still may be prosecuted as an aider and abettor. Mr. Nader submitted an order for obscene nonmailable material to a Ralph Zonatz company in Holland. By doing so Mr. Nader aided and abetted a violation of the United States Code by Mr. Zonatz or whoever mailed the obscene material.

The law recognizes that some offenses, which are defined by statue or by common law, may be committed only by a certain person or class of persons. However, by aiding and abetting, a person not in the class may render himself criminally liable for the offense. United States v. Wiseman, 445 F.2d 792 (2nd Cir. 1971) (defendants willfully caused innocent clerk to enter default judgement against persons named in civil suits when they should not have had been issued, defendant liable even though law applied to action); United States v. Scannapieco,

611 F.2d 619 (5th Cir. 1980) (an accused maybe convicted as a causer even though not himself legally capable of personally committing the act forbidden by federal statute); United States v. Inciso, 292 F.2d 374 (7th Cir. 1961) (defendant by causing a labor union to receive unlawful funds from the employer, caused the crimed to be committed by another as set forth in 18 U.S.C. 2(b) and was punishable as principal).

A defendant may be convicted of the substantive offense on an aiding and abetting theory even if he is incapable of committing the specific violation which he aided and abetted. Busic v. United States, 446 U.S. 398 (1980). Busic and one LaRocca were convicted of armed assault on federal officers in violation of 18 U.S.C. 111, however, the evidence showed that although Busic was carrying a pistol in his belt, LaRocca was the person who fired at the federal narcotic agents. The Supreme Court found Busic's conviction, as an aider and abettor of LaRocca's assault on the federal agents, permissible.

> . . . Busic's vicarous assault and use of a dangerous weapon are subject to prosecution and punishment under §111 and he has been duly prosecuted and punished pursuant to that provision Id. at 411

A like result was reached in United States v. Ruffin, 613 F.2d 408 (2nd Cir. 1979) (Wyatt J. dissenting). In Ruffin the Second Circuit affirmed a conviction of a person incapable of personally committing a specified crime (Ruffin was not an officer, director agent or employee of an agency receiving federal financial assistance) but who caused an innocent agent, meeting the capacity requirements to engage in the proscribed conduct. The Court reasoned:

> One purpose of 18 U.S.C. 2 is to enlarge the scope of criminal liability under existing substantive criminal laws so that a person who operates from behind the scenes may be convicted even theugh he is not expressly prohibited by the substantive statute from engaging in the acts made criminal by Congress. See S. Rep. NO. 1020, 82 Cong., 1st Sess. [1951] U.S. Code Cong. Serv. p. 2583. Where the principal is found guilty of a criminal offense, for instance, it is undisputed that a person may be convicted as an aider and abettor under 18 U.S.C. § 2(a) even though he may lack the capacity to violate the substantive criminal statute. See, e.g., United States v. Giordano, supra [489 F.2d 327 (2nd Cir. 1973)] Giragosian v. United States, supra [349 F.2d 166 (1st Cir. 1965)]. We see no logical reason why a person who causes an innocent agent having the capacity to commit a criminal act to do so should not likewise be held criminally responsible under 18 U.S.C. § 2(b) even though the causer lacks the capacity. Id. at 413.

Indeed, the failure to prosecute or obtain a conviction of the principal does not preclude conviction of the aider and abettor as long as the commission of the crime by the principal is proved. United States v. Deutsch, 451 F.2d 98, 118-119

(2nd Cir. 1971); United States v. Bryan, 483 F.2d 88, 93-94 (3rd Cir. 1973). United States . Musgrave, 483 F.2d 327, 332-333 (5th Cir. 1973). The prior acquittal of a principal in a separate trial does not bar conviction of the aider and abettor if the second jury finds that the principal committed the crime. United States v. Standeter, 610 F.2d 1076) (3rd Cir. 1979). One who causes another to commit a criminal act may be found guilty as a principal even though the agent who committed the act is innocent or acquitted. United States v. Wiseinan, 445 F.2d 797, 794-795 (2nd Cir. 1971); United States, v. Lugo - Baez, 412 435, 440 (8th Cir. 1969).

In conclusion, the United States submits that: (1) Mr. Nader's conduct, causing nonmailable material to be sent through the mails, is a violation of 18 U.S.C. 1461 and 1462; (2) the legislative history of 1461 and 1462 does not clearly exclude people who order obscene nonmailable from prosecution; (3) 1461 and 1462, as amended, have been broadened to give prosecutors a wider area in which to chose a prosecutive forum, but they do not prohibit prosecution of those who merely order, (4) assuming, arguendo, 1461 and 1462 only allow prosecution of a specific class of offender, of which Mr. Nader is not, 18 U.S.C. 2 enables the Goverment to prosecute Mr. Nader nonetheless, even though he (Mr. Nader) is incapable of committing the specific violation he may be prosecuted for aiding and abetting that violation and punished as a principal.

WHEREFORE, we submit this motion should be granted and the indictment reinstated.

Respectfully submitted,

Joseph E. diGenova

D.D

JOSEPH E. diGENOVA
UNITED STATES ATTORNEY

Ronald Dixon

RONALD DIXON
Assistant United States Attorney
United States Attorney's Office
500 Indiana Ave., N.W., Rm. 5200
Washington, D.C. 20001

CERTIFICATE OF SERVICE

I HEREY CERTIFY, that a copy of the foregoing motion has been seved by mail upon counsels for defendant, David Povich, Esquire, and Richard S. Hoffman, Esquire, Williams and Connolly, 839 Seventeenth St., N.W., Washington, D.C. 20006 this 26 day of AUGUST, 1986.

Ronald Dixon

RONALD DIXON
Assistant United States Attorney
United States Attorney's Office
500 Indiana Ave., N.W., Rm. 5200
Washington, D.C. 20001