FILED
SEP 11 1986
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
                           )
v.                         )   Criminal No. 85-00033
                           )   Judge John Garrett Penn
GEORGE A. NADER,           )
                           )
        Defendant.         )
_____)

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO RECONSIDER

The government has asked this Court to reconsider its dismissal of the indictment against George Nader. The government's motion cites no new authority and makes no new argument regarding the scope of 18 U.S.C. §§ 1461 and 1462. The government concedes that United States v. Sidelko, 248 F. Supp. 813 (M.D.Pa. 1964), is "factually very close to the instant case" and bars this prosecution. The government also concedes the well-settled rule that "citizens are not to be punished pursuant to a statute unless the statute plainly imposes such a punishment." United States v. Campus-Serronno, 404 U.S. 1293, 1297 (1971). Yet despite the additional time to review the legislative history of sections 1461 and 1462 the government cites nothing to contradict the extensive legislative history establishing that sections 1461 and 1462 apply to those who place obscene matter in the mail and not those who receive it. The government has given the Court no reason to reverse its correct decision dismissing the indictment.

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000



The majority of the government's memorandum is spent arguing that the defendant could have been tried as an aider and abettor under 18 U.S.C. § 2. The government cites a number of cases in support of the general proposition that a person can be tried as an aider and abettor even if he is acquitted of committing the substantive offense. See Busic v. United States, 446 U.S. 398 (1980). But the government's argument side-steps the real issue and never confronts the point: it cannot use 18 U.S.C. § 2 to prosecute a class of persons who Congress has by its action determined should not be subject to penalty.

The government cannot avoid the proper scope of section 1461 by trying a defendant as an aider and abettor under 18 U.S.C. § 2 because Congress, in passing the mailing statute, excluded the receiver from the class of offenders. There is a well-settled exception to aiding and abetting liability where a crime is so defined that it necessarily involves two or more people to commit it, but the conduct of only one participant is made criminal.

> The rationale is that the legislature by specifying the kind of individual who is to be found guilty when participating in a transaction necessarily involving one or more other persons, must not have intended to include the participation by others in the offense as a crime. This exception applies even though the statute was not intended to protect the other participants.

United States v. Southard, 700 F.2d 1, 20 (1st Cir.), cert. denied, 464 U.S. 823 (1983); see generally W. LaFave and A. Scott, Criminal Law § 65 at 521-22 (1977). As explained in the

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000

- 2 -

Model Penal Code § 2.06(b): "Unless otherwise provided by the Code or by the law defining the offense, a person is not an accomplice in an offense committed by another if: (b) the offense is so defined that his conduct is inevitably incident to its commission."

Under this exception, it has been held that "one having intercourse with a prostitute is not liable as a party to the crime of prostitution, [Gebardi v. United States, 287 U.S. 112 (1932)], a purchaser is not a party to the crime of illegal sale, [United States v. Farrar, 281 U.S. 624 (1930)], and an unmarried man is not guilty as a party to the crime of adultery where the legislature has only specified punishment for the married participant." LaFave and Scott, supra at 522. In Farrar, the Supreme Court held that a purchaser of liquor could not be held liable for procuring or causing an illegal sale. 281 U.S. at 633-34. The statute in question prohibits the manufacture and sale of illegal liquor, but said nothing about the purchase. The Court concluded that Congress "deliberately and designedly omitted to impose upon the purchaser . . . any criminal penalty." Id. at 634; see also, United States v. Nasser, 476 F.2d 1111, 1120 (7th Cir. 1973) (client cannot be convicted of conspiring with attorney to violate statute prohibiting attorney from handling a case in which he had previously worked as a government employee).

The holding in Farrar governs this case. As held in United States v. Sidelko, 248 F. Supp. 813 (M.D.Pa. 1964),

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000

- 3 -

although the mailing of obscene material necessarily involves two parties -- the sender (distributor) and the receiver (orderer) -- Congress only provided criminal penalties for the person who deposits such material.  This Circuit in Reed Enterprises v. Corcoran, 354 F.2d 519 (D.C. Cir. 1965), and Reed Enterprises v. Clark, 278 F. Supp. 372 (D.D.C. 1967)(three judge Court), aff'd, 390 U.S. 457 (1968)(per curium) has held that when Congress revisited the statute and amended it there was no intent to alter its coverage.  Perhaps most importantly, the Court need not attempt to divine by legislative history Congressional intent regarding those who request or receive obscene material because the statute does provide criminal penalties -- but only if there is an intent to distribute the material after receipt.  For this reason the court in Sidelko held that even though section 1461 itself provides penalties for those who "cause" obscene material to be mailed, that language does not reach one who orders the material for personal use without any intent to distribute.  As this Court previously recognized, to hold otherwise would render superfluous the specific statutory language dealing with recipients.  See Sidelko, 248 F. Supp. at 815.

The government's attempt to use section 2 merely raises the same issue again under a different heading.  The rule stated in Farrar and the Model Penal Code makes common sense -- the government cannot use the general accomplice statute to override a specific Congressional decision not to impose criminal penalties on certain conduct.  This rule makes particular sense

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000

- 4 -

where the "causing" language of the aiding and abetting statute, 18 U.S.C. § (2), appears in the language of section 1461 and has been specifically held not to be applicable to this conduct. Nothing cited by the government should cause the Court to alter its correct ruling on this subject.  For these reasons, the government's motion to reconsider should be denied.

                              Respectfully submitted,

                              WILLIAMS & CONNOLLY

By: _____
     David Povich
     Richard S. Hoffman

839 Seventeenth Street, N.W.
Washington, D.C.  20006
(202) 331-5000

367-604

Dated: September 11, 1986

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000

- 5 -

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Defendant's Opposition to Government's Motion to Reconsider was mailed first-class, postage-prepaid to Ronald Dixon, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. 20001 this 11th day of September, 1986.

*Richard S. Hoffman* (signature)

Richard S. Hoffman

LAW OFFICES
WILLIAMS & CONNOLLY
HILL BUILDING
WASHINGTON, D.C. 20006

AREA CODE 202
331-5000